IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:10-cr-00011 |
| v. ) | |
| ) | |
| KEVIN NEVOYLE DICKERSON, ) | By:   Michael F. Urbanski |
| Defendant-Petitioner ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on motions for compassionate release filed by Kevin Nevoyle Dickerson pursuant to 18 U.S.C. § 3582(c)(1)(A). Dickerson filed a pro se motion on April 4, 2022, and the Federal Public Defender filed a supplemental motion on Dickerson's behalf on July 19, 2022. ECF Nos. 177, 183. The government filed a response to the motions, to which Dickerson has replied. ECF Nos. 191, 194, 195, 196. For the reasons stated herein, the court will **GRANT** Dickerson's motions for compassionate release and **REDUCE** his sentence to 130 months, but not less than time served.

**I. Background**

On February 18, 2010, Dickerson and two codefendants were charged in an indictment with eight counts related to distribution of heroin. Dickerson was charged with one count of conspiring to possess with intent to distribute and distribute more than 1,000 grams of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(a) (Count 1); and one count of willfully and knowingly attempting to possess with intent to distribute a mixture or substance containing more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 8). Indictment, ECF No. 3.

1

On Count 1, Dickerson faced a statutory mandatory minimum sentence of 10 years and a maximum of life. PSR, ECF No. 107 ¶ 75 (citing 21 U.S.C. § 841(b)(1)(A)). On Count 8 the mandatory sentencing range was 5 to 40 years. Id. (citing 21 U.S.C. § 841(b)(1)(B)). Dickerson was held responsible for distributing 2.7 kilograms of heroin. PSR, ECF No. 107 ¶ 14. Under the United States Sentencing Guidelines (USSG or guidelines) in effect at the time, the drug weight gave him a base offense level of 32 which was decreased by 3 levels for acceptance of responsibility, for a total offense level of 29. Id. ¶¶ 19–26; USSG § 2D1.1(c)(4). Dickerson had 14 criminal history points which put him in criminal history category VI. Id. ¶ 53. The combination of a total offense level of 29 and criminal history category VI rendered a guidelines sentence of 151 to 188 months. USSG Ch. 5 Pt. A.

However, Dickerson was classified as a career offender, which resulted in a base offense level of 37 and a total offense level of 34. PSR, ECF No. 107 ¶¶ 27–28; USSG § 4B1.1. The combination of the total offense level of 34 and criminal history category VI resulted in a guidelines range of 262 to 327 months. PSR, ECF No. 107 ¶ 76; USSG Ch. 5 Pt. A.

On May 16, 2010, Dickerson pled guilty without a plea agreement to Counts 1 and 8. ECF No. 69. On August 18, 2010, Dickerson was sentenced to concurrent terms of 262 months on each count, to be followed by a 7-year term of supervised release. J., ECF No. 98.[1]

Dickerson filed a direct appeal, ECF No. 104, and the Fourth Circuit Court of Appeals affirmed his conviction on June 22, 2011. ECF Nos. 118, 119. Dickerson filed a motion for habeas corpus relief under 28 U.S.C. § 2255 on October 1, 2012, alleging ineffective assistance of counsel. He argued that his attorney advised him to plead without an agreement in place and

---

[1] Dickerson was sentenced by the Hon. G. Steven Agee, United States Circuit Court Judge, sitting by designation. ECF No. 89.

to reject an offer from the government to plead guilty to Count 1 of the indictment and that he benefitted in no way from agreeing to plead guilty. Mot., ECF No. 121. The trial court denied relief on January 30, 2013, ECF Nos. 133, 134, and Dickerson appealed. ECF No. 138. On November 13, 2013, the Fourth Circuit vacated in part the judgment of the trial court and remanded the case for an evidentiary hearing. ECF Nos. 143, 144. Following the evidentiary hearing, the trial court denied the § 2255 motion. Final Order, ECF No. 154. Dickerson appealed, and the Fourth Circuit affirmed the trial court's denial of relief. ECF Nos. 155, 164, 165. Dickerson has been in custody since March 8, 2010, and has a projected release date of November 11, 2027.[2]

Dickerson seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that if he were sentenced today, he would have a substantially lower guidelines sentencing range which would likely result in a substantially lower sentence. He contends that this difference in sentences is an "extraordinary and compelling" reason to grant compassionate release.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[2] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Kevin Nevoyle Dickerson") (last viewed Oct. 3, 2023).

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Dickerson's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Dickerson asserts that he submitted his request for compassionate release to the warden of his facility on November 29, 2021, ECF No. 177-1 at 2, and filed his motion for a sentence reduction more than 30 days later. The government does not contest that Dickerson has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Dickerson has satisfied the statute's exhaustion requirement.

The court must next consider whether it should reduce the term of imprisonment. The USSG § 1B1.13 policy statement provides that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or

4

becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the Bureau of Prisons ("BOP") for "other reasons" than, or in combination with, those described in Application Notes (A)–(C). See U.S. Sentencing Comm., Guidelines Manual § 1B1.13 at cmt. n.1(A)–(D). This policy statement, while governing only for BOP-filed motions for compassionate release, "remains helpful guidance even when motions are filed by defendants." United States v. McCoy, 981 F.3d 271, 282 n.7 (4th Cir. 2020).

## A. Sentencing Disparity

Dickerson argues that his case presents a sentencing disparity that creates an "extraordinary and compelling" reason to grant compassionate release, based on his assertion that neither of his crimes of conviction would be considered controlled substance offenses today. In his pro se motion, Dickerson also argued that he is entitled to compassionate release based on the COVID-19 pandemic and prison conditions at the facility where he is housed.

Under USSG §4B1.1, a defendant is designated a career offender if the following conditions apply:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) <u>the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense</u>; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(emphasis added). "Controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

5

As set forth above, Dickerson was sentenced as a career offender based on his instant offense of conviction being a controlled substance offense and for having at least two prior felony convictions of a controlled substance offense. PSR, ECF No. 107 ¶ 27. Dickerson had two offenses of conviction--a conspiracy offense and an attempt offense. Looking at the conspiracy offense as his offense of conviction, because Dickerson was classified as a career offender, and because the conspiracy offense carried a maximum sentence of life, 21 U.S.C. § 841(b)(1)(B), he had an offense level of 37, minus 3 points for acceptance of responsibility, resulting in a total offense level of 34. The offense level of 34 and his criminal history category of VI resulted in the sentencing range of 262 to 327 months. USSG Ch. 5 Pt. A.

If the attempt offense were used as the offense of conviction, it carried a maximum sentence of 40 years which, in conjunction with his designation as a career offender, would have resulted in an offense level of 34, reduced by 3 points to 31. The offense level of 31 and criminal history category of VI would result in a sentencing range of 188 to 235 months. Id. If neither of the instant offenses of conviction were considered a "controlled substance offense," Dickerson would not be considered a career offender, making his base offense level based on drug weight 32, and his total offense level 29. Together with his criminal history category of VI, his guidelines range would be 151 to 188 months. Id.

Under United States v. Norman, 935 F.3d 232 (4th Cir. 2013), decided after Dickerson was sentenced, convictions for conspiracy to distribute drugs are no longer considered controlled substance offenses under USSG § 4B1.2. The Fourth Circuit reasoned that because the "generic, contemporary meaning" of "conspiracy" requires an overt act, and "conspiracy" under § 846 does not require an overt act, § 846 criminalizes a broader range of conduct than that covered by generic conspiracy. Id. at 236–38. Accordingly, if sentenced today, Dickerson's conspiracy

6

offense would not be considered a controlled substance offense and therefore would not satisfy the requirements of USSG §4B1.1(2).

In addition, as the Fourth Circuit clarified in United States v. Campbell, 22 F.4th 438 (2022), "attempt" convictions are not considered "controlled substance offenses" for purposes of the career offender designation under USSG 4B1.1. This is because the definition of "controlled substance offense" contains no mention of an attempt offense and although the commentary indicates that attempt offenses are included, the Fourth Circuit found that the commentary inappropriately added "attempt offense" to the guidelines. Id. at 443–44 (citing Stinson v. United States, 508 U.S. 36 (1993)). Therefore, if sentenced today, Dickerson's conviction for attempt to possess with intent to distribute more than 100 grams of heroin would not be considered a controlled substance offense.

Therefore, if Dickerson were sentenced today and neither of his instant offenses of conviction were considered "controlled substance offenses," he would not be classified as a career offender. As set forth above, without the career offender designation, Dickerson's total offense level would be level 29 and together with his criminal history category of VI, his guidelines range would be 151 to 188 months. Moreover, as a result of Amendment 782 to the guidelines, which reduced the sentencing guidelines for all controlled substances by two levels, Dickerson's guidelines range today would 130 to 162 months. See USSG §2D1.1(5).[3]

In McCoy, 981 F.3d at 285–86, the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that could be imposed under

---

[3] If Dickerson is considered a career offender, Amendment 782 does not apply; however, if that designation is removed, he does qualify for the reduction. See United States v. France, 637 F. App'x 733, 734 (4th Cir. 1016) (per curiam) ("A district court lacks the authority to grant a § 3582(c)(2) motion for a reduced sentence under Amendment 782 if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline.")

7

current law can be considered an "extraordinary and compelling reason" for granting compassionate release. The McCoy court examined the changes to 18 U.S.C. § 924(c) brought about by the First Step Act. Prior to the First Step Act, simultaneous convictions, and subsequently sentences, under § 924(c) were "stacked," meaning that "a conviction was treated as 'second or subsequent,' triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case." McCoy, 981 F.3d at 275. The First Step Act changed the sentencing structure for multiple convictions under § 924(c)—the statute now requiring a new violation "that occurs after a prior conviction under [the] subsection has become final" to trigger the mandatory minimum sentence of 25 years. 18 U.S.C. § 924(c)(i). "Under § 403 of the First Step Act, that is, the 25-year mandatory minimum is 'reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution.'" McCoy, 981 F.3d at 275 (quoting United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020)). The practical result of the change is that where defendants once faced a mandatory minimum sentence of 25 or 30 years when convicted of two firearms offenses in a single prosecution, they now face a mandatory minimum sentence of 5 years on each offense, for a total of 10 years. United States v. Redd, 444 F. Supp. 3d 717, 720 (E.D. Va. Mar. 16, 2020).

The McCoy court acknowledged that the change to § 924(c) does not apply retroactively to sentences imposed before December 21, 2018. Id. at 275. But the court distilled two features of stacked § 924(c) sentences that led to finding that the defendants met the "extraordinary and compelling reasons" standard: (1) "the sheer and unusual length of the sentences," and (2) the "'gross disparity' between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct." Id. at 285. The court concluded that the district courts' consideration of "the First Step Act's declaration of the appropriate level of punishment

8

under § 924(c)" to be proper "in assessing the defendants' cases, on an individualized basis, for compassionate release." Id. at 275.

Following McCoy, courts, including this one, have applied McCoy's reasoning to motions for compassionate release seeking a reduced sentence based on the claim that the defendant received what would be an invalid career offender designation under Norman if sentenced today. See, e.g., United States v. Gilmer, No. 5:00-cr-30053, 2022 WL 1423615 (W.D. Va. May 5, 2022); United States v. Cooper, No. 1:10CR00043-001, 2022 WL 1302708 (W.D. Va. May 2, 2022); United States v. Morris, No. 4:13cr25, 2022 WL 1285183 (E.D. Va. Apr. 29, 2022); United States v. Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021); United States v. Fennell, 570 F.Supp.3d 357 (W.D. Va. 2021); United States v. Richards, No. 3:11-cr-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021); and United States v. Trice, No. 7:13-CR-34-1001, 2021 WL 402462 (W.D. Va. Feb. 3, 2021).

In addition, at least one court in the Fourth Circuit has relied on Campbell to grant a motion for compassionate release, finding that when the instant offense of conviction is an "attempt offense," that it is not a "controlled substance offense" within the meaning of USSG § 4B1.2. See United States v. Barbour, No. 7:10-cr-00069, 2023 WL 5435877, at *3 (W.D. Va. Aug. 23, 2023) (Dillon, E.) (citing Campbell, 22 F.4th at 443). See also United States v. Diaz-Rios, No. 3:10cr21-02, 2022 WL 14813705, at *4 (E.D. Va. Oct. 25, 2022) (acknowledging after Campbell that McCoy analysis applies to argument that defendant is no longer a career offender when his offense of conviction was for an "attempt" crime but denying compassionate release on 18 U.S.C. § 3553(a) factors).

The court finds that if Dickerson were sentenced today, after the Fourth Circuit decisions in Norman and Campbell, he would not be considered a career offender under the guidelines.

9

While his statutory sentence would remain the same, his guidelines sentencing range would be 151 to 188 months. In addition, after Amendment 782 to the guidelines, Dickerson's guidelines range would 130 to 162 months. As he was sentenced at the bottom of the guidelines in 2010, his likely sentence today would be 130 months.

Dickerson asserts that the 111-month difference between the 262-month sentence he received in 2010 and the 151-month sentence he would likely receive today, or the 132-month difference if Amendment 782 were applied to his sentence, is a gross disparity and constitutes an extraordinary and compelling reason to reduce his sentence. The government counters that Dickerson is arguing that a "guidelines error" occurred in his case and that he cannot bring that claim via this motion for compassionate release but must challenge such an error either via direct appeal or in a motion for relief brought pursuant to 28 U.S.C. § 2255.

The government is correct that a defendant cannot challenge the validity of his conviction or sentence through a compassionate release motion. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022). Rather, "28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e).'" Id.

However, Dickerson is not challenging the validity of his original conviction or sentence. Instead, he is arguing that two changes in case law mean that if he were sentenced for the same conduct today as he was in 2010, he would not be a career offender and his guideline sentencing range would be reduced. This is the same type of argument the defendants made in McCoy. "The defendants in McCoy argued that a change in the sentencing law that occurred after their sentencings (but did not apply retroactively) merited a reduction in their sentences to conform

10

to that change." Id. (citing McCoy, 981 F.3d at 275). Because Dickerson is not challenging his original conviction and sentence, his motion for compassionate release is not barred by the holding in Ferguson. See United States v. Jackson, No. 7:16CR00033-002, 2023 WL 3480900, at *2 (W.D. Va. May 16, 2023) (Jones, J.) ("Although a defendant cannot challenge the validity of his original conviction or sentence through a compassionate release motion, Ferguson, 55 F.4th at 272, I may consider intervening changes in the law along with sentencing disparities caused by such changes in exercising my discretion in assessing whether extraordinary and compelling circumstances exist."); United States v. Brice, No. SAG-07-0261, 2023 WL 2035959, at *2 (D. Md. Feb. 16, 2023) (rejecting government's argument that Ferguson barred a compassionate release claim where the defendant asserted that post-sentencing changes in law satisfied the "extraordinary and compelling" standards); United States v. Hernandez, No. 5:15-cr-00033, 2022 WL 17905070, at *3 n.1 (S.D.W.V. Dec. 22, 2022) (finding defendant's challenge to career offender enhancement was properly considered in a motion for compassionate release because it did not constitute a collateral attack on his sentence).

In addition, the government argues that the disparity between the sentence Dickerson received in 2010 and the sentence he likely would receive for the same conduct today is not an extraordinary and compelling reason to reduce his sentence. The government points out that McCoy involved additional decades of sentencing time imposed on defendants who were young first-time offenders, whereas the long sentence Dickerson received was driven by his extensive criminal history. However, while the sentencing court did consider Dickerson's criminal history, it also considered the guidelines sentencing range before sentencing him at the bottom of the career offender guidelines range: "I do find that the guideline range is adequate and will produce a sentence that is sufficient but not greater than necessary . . . [.]" Sentencing Tr., ECF No. 114

at 41. Given that Dickerson no longer would be considered a career offender under the guidelines, with the result that the applicable guidelines range would be much shorter, the court finds it proper to consider the difference in the sentence Dickerson was assessed in 2010 and the sentence he would be assessed today.

Also, although the disparity at issue in Dickerson's case is not as great as that contemplated in McCoy, this court and others have found that sentencing disparities may present extraordinary and compelling circumstances even when they are not decades long. See, e.g., Cooper, 2022 WL 1302708, at *2 (finding sentencing disparity possibly as long as 5 years was an extraordinary and compelling reason for granting compassionate release); Williams, 2021 WL 5827327, at *7 (finding sentencing disparity of 43 months was an extraordinary and compelling reason to grant compassionate release); United States v. Shaw, No. 5:15-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (finding that a sentencing disparity of 22 months was an extraordinary and compelling reason to grant a sentence reduction).

In light of the Fourth Circuit's decisions in Norman and Campbell, it is undisputed that if Dickerson were sentenced today, he would not be considered a career offender under the guidelines and his sentencing range would be 151 to 188 months. If Amendment 782 were applied, his sentencing range would be 130 to 162 months. The court finds that the disparity between Dickerson's current sentence and the sentence he would face today for the same offense is significant, and qualifies as an extraordinary and compelling basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

### C. 18 U.S.C. § 3553(a) Factors

Having found that Dickerson has demonstrated an "extraordinary and compelling reason" to warrant a sentence reduction under § 3582(c)(1)(A), the court must consider the

factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." <u>United States v. High</u>, 997 F.3d 181, 186 (4th Cir. 2021) (internal quotations omitted). The relevant factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .
>
> (5) any pertinent policy statement –
>
> (A) issued by the Sentencing Commission . . . .
>
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.
>
> 18 U.S.C. § 3553(a).

After considering the applicable factors, the court concludes that they weigh in favor of a sentence reduction. Beginning with the nature and circumstances of Dickerson's offense, Dickerson participated in a three-person conspiracy that brought heroin from New Jersey and distributed it in the Roanoke, Virginia area. PSR, ECF No. 107 ¶¶ 6–13. Dickerson was held responsible for distributing 2.7 kilograms of heroin. Id. ¶ 14. The court is well-acquainted with the misery wrought by distribution of heroin and finds that the nature and circumstances of Dickerson's offense weigh against a sentence reduction.

Turning to the history and characteristics of the defendant, Dickerson has a long history of criminal convictions beginning at a young age., including convictions for grand larceny for stealing automobiles on two occasions, credit card fraud, one charge of carrying a concealed weapon, multiple driving and failure to appear offenses, multiple counts of petit larceny, forgery, possession of marijuana, possession of marijuana with intent to distribute, and possession of cocaine with intent to distribute. Id. ¶¶ 29–52. Dickerson's criminal history gave him 14 criminal history points which established a criminal history of VI. Id. ¶ 53. The court notes that none of Dickerson's convictions involved violence.

Dickerson was raised primarily by his mother and grandmother, as his father was incarcerated for most of Dickerson's childhood. Dickerson had a history of drug abuse, including daily use of marijuana and weekly use of cocaine and heroin from ages 19 to 21.

Since being incarcerated, Dickerson has had two disciplinary infractions, one for giving or accepting money without authorization and one for hitting the duress alarm during unit lockdown and requesting his chair and radio, which was a non-emergent circumstance. Inmate Discipline Data, ECF No. 183-2. Dickerson advised the court that as of June 5, 2023, his risk of recidivism has been reduced to "low." Supp. Mot., ECF No. 196 at 1. Dickerson also has

14

participated in a number of classes since being incarcerated, including drug abuse education, a mock job fair, hospital housekeeper training, and several business and communications classes. Inmate Educ. Data, ECF No. 188-3. The court finds that overall, Dickerson's history and characteristics are neutral with regard to his request for a sentence reduction. Prior to his incarceration Dickerson showed little respect for the law; however, since being incarcerated he appears to have matured and taken steps to become a more positive and law-abiding member of the community.

The second relevant factor stresses the need for the sentence imposed to serve the purposes of punishment enumerated under § 3553(a)(2), i.e., to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Dickerson has been incarcerated for more than 13 years and the court finds that given Dickerson's institutional history, a reduced sentence would be sufficient to achieve the goals of punishment and reflect the seriousness of the offense and promote respect for the law, and that a longer sentence is not necessary to provide him with additional education or training. Accordingly, the court concludes that this factor weighs in favor of a sentence reduction.

Looking to the kinds of sentences available and the applicable guidelines range, as discussed above, if Dickerson were sentenced today, his guidelines range today would be 130 to 162 months. The changes brought about by Norman and Campbell, in conjunction with the fact that Congress and the United States Sentencing Commission have lowered sentences

15

for defendants with convictions similar to Dickerson's, weigh in favor of a sentence reduction. The remaining § 3553(a) factors weigh neither in favor nor against a sentence reduction.

After considering the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Dickerson's case. Given the circumstances of the offense, including Dickerson's history and characteristics, changes in the understanding of the career offender guideline, and the reduction of offense levels in the guidelines, the court concludes that a sentence of 130 months, but not less than time served, is appropriate. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of Dickerson's conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public.

For the reasons stated herein, the court will **GRANT** Dickerson's motions for compassionate release, ECF No. 177, 183, and **REDUCE** his sentences on Counts 1 and 8 to concurrent sentences of 130 months, but not less than time served.[4] All other terms and conditions of the judgment entered on August 18, 2010, remain in effect. The clerk is directed to send a copy of this opinion to the petitioner, his counsel of record, and the United States.

An appropriate order will be entered.

It is so **ORDERED.**

Entered: October 23, 2023

Michael F. Urbanski
Chief United States District Judge

---

[4] Because the court is granting Dickerson's motion based on his "career offender" argument, it does not address his arguments based on the COVID-19 pandemic or conditions at his prison facility.

16